*341
 
 PONDER, Justice
 

 (concurring).
 

 The royalty deed, in this case purports to grant a one-fourth interest in the royalties under a certain lease and a one-fourth perpetual royalty interest in any royalties stipulated for or to be hereafter stipulated for in any lease that may be or has been executed. This is the first deed of this nature that has been presented for our consideration. We had an entirely different situation in the case of Vincent v. Bullock because the deed involved therein was a royalty interest in future production and was not restricted or limited to any lease or future leases. A royalty right under a lease depends on the continued existence of the lease to which it is an appendage and it cannot have a life of its own independently of the lease. A lease must have a fixed term. The deed did not provide for the amount of royalty to be reserved in future leases or fix a term for the leases. Furthermore, there was no obligation on the part of the grantor to execute any future leases. " Having no special laws governing the oil industry, it became necessary to resort to the articles of the Civil Code deemed most applicable. The question that gave us most concern was the grant of a perpetual royalty. I was of the opinion on the original hearing that since the royalty right, was restricted to leases and dependent on them for its existence recourse should be had to the articles of the Civil Code dealing with lease to be applied to the leases upon which the royalty depends for its existence. I had serious doubt of the validity of a royalty right depending on a non-existing lease.
 

 On the rehearing of this case, we now have the benefit of the views of a number of attorneys who have made a special study of the laws governing the industry, which were presented to us in briefs as amici curiee. After a careful consideration of the majority opinion, I am convinced that it establishes a uniform rule. Royalty rights granted under leases and future leases are placed in the same category in so far as prescription- is concerned as royalty rights in any production, not restricted to leases, except where they are limited by the terms of a lease or special contract. I feel that the conclusions reached by the majority opinion on this rehearing simplifies the matter and will eliminate possible confusion. I did not at the time of the original hearing, and do pot now, believe that the provision that the grant was to be continuous and run with the land into whomsoever hands it may fall was of particular significance for the reason that the same effect would necessarily follow by operation of law.
 

 For the reasons assigned, I concur with the majority opinion.